# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CR 18-209 JAK | Date | July 10, 2018 |
| Title | United States v. Simmons | | |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Government: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**  ORDER RE: RECONSIDERATION OF DETENTION ORDER

    1.    The Court conducted a hearing today on Defendant Simmons's application for review of the detention decision in this case. (Docket # 45.) For the reasons stated at the hearing, the application is DENIED and Defendant will remain in the custody of the U.S. Marshals.

    2.    The Court originally detained Defendant in March 2018. That was based on the Court's finding that no condition or combination of conditions would reasonably assure: (i) Defendant's appearance at future court dates; or (ii) the safety of the community. 18 U.S.C. § 3142(f). As the Court noted at the initial detention hearing, the Government is entitled (due to the nature of the criminal charges in the indictment)to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e) (2-3)]. This is, however, a presumption that the defendant can rebut under the statute.

    3.    The Court concludes that Defendant has not rebutted the presumption as to either component of its original finding. The key changed circumstance – the existence of additional potential unsecured sureties – does not materially alter the Court's analysis. The Court was previously aware of Defendant's family and personal ties to the district (his nuclear family, girlfriend, and child), the willingness of some family members to sign a bond, and the lack of evidence of any prior failures to attend court hearings.

    4.    Yet, the Court also is aware (through the criminal complaint, the grand jury's indictment, and the report from the Pretrial Services Agency) that Defendant allegedly committed the charged crimes while on probation from a recent state court felony conviction. Any incentive Defendant had to comply with court orders or limits on his activities surely

existed at the time that the charged conduct occurred. The Court has significant doubts about Defendant's amenability to supervision that could be redressed by bond or other conditions.

      5.      But, even if the presumption had been rebutted and the government was unable to carry its burden of establishing Defendant's risk of nonappearance, the danger-to-community prong of the statute poses a real problem. The nature of the charges against Defendant involves the dangerous use of a weapon by a convicted felon engaging in unlawful misconduct. Defendant's ability to procure and use a weapon in the commission of the charged crime (not disputed by the defense, and apparently the basis of ongoing plea discussions) presents an obvious danger to the community. The Court cannot set meaningful conditions to assure that Defendant will pose no unacceptable risk during the remainder of this criminal case.

      6.      In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the arguments of counsel and the reports and recommendations of the U.S. Pretrial Services Agency (which twice recommended Defendant's detention).